UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROY EDWARD WHEATLEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDIANA DEPARTMENT OF CORRECTIONS, )<br>MYERS Correctional Officer, )<br>FRYE Correctional Officer, )<br>CHRISMAN Correctional Officer, )<br>)<br>Defendants. ) | No. 2:20-cv-00409-JPH-DLP |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Roy Wheatley, an inmate at Wabash Valley Correctional Facility filed this action pursuant to 42 U.S.C. § 1983 due to an incident that occurred at Putnamville Correctional Facility. Because Mr. Wheatley is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names four defendants: (1) Indiana Department of Corrections (IDOC); (2) Correctional Officer Myers; (3) Correctional Officer Frye; and (4) Correctional Officer Chrisman. Mr. Wheatley seeks damages and injunctive relief in the form of improved training for IDOC correctional officers.

According to his complaint, around 8:30 p.m. on December 18, 2018, correctional officers in the "E-squad" began conducting a search of Mr. Wheatley's dorm. During the search, the inmates were wearing only boxer shorts and shower shoes per the officers' orders. E-squad Officer Myers approached Mr. Wheatley with Mr. Wheatley's wristwatch and asked him if he wanted a confiscation form or for him to throw away the watch. Mr. Wheatley said neither because he had a receipt and inventory sheet showing he had approval for the watch. Officer Myers said he didn't care and repeated the question. Mr. Wheatley asked for a confiscation form, and Mr. Myers said that Mr. Wheatley could deal with it in a disciplinary proceeding. Mr. Wheatley asked to speak to a sergeant, and Mr. Myers laughed and joked about it with other E-squad officers.

Two minutes later, Officer Frye approached Mr. Wheatley, told him to cuff up, and escorted him outside in the rain although Mr. Wheatley was still wearing only boxer shorts and shower shoes. Officer Frye and Officer Chrisman walked Mr. Wheatley over to a wall between

two buildings and forced him to stand facing the wall for five to ten minutes while they spoke disrespectfully to him.

The officers then escorted Mr. Wheatley to a fence near the education building. As they escorted him, they pulled his cuffs higher up on his wrists, which forced Mr. Wheatley's face toward the ground, laughing about how low they could make him go. Once at the fence, they forced Mr. Wheatley to touch his nose to the cold metal fence and stand there for five to ten minutes, laughing about how they could make him do whatever they wanted and there was nothing Mr. Wheatley could do about it.

Next, the officers—for reasons unknown to Mr. Wheatley—forced Mr. Wheatley to lay with his face and stomach on the wet ground while they continued to insult him. Mr. Wheatley told the officers he was freezing cold, and they laughed and said they didn't feel a thing.

The officers then called for another officer, and Sergeant Thompson came outside. Officer Frye and Officer Chrisman told Sergeant Thompson that they wanted to take Mr. Wheatley to segregation for disorderly conduct. Sergeant Thompson said he would not take Mr. Wheatley to segregation for disorderly conduct, so Officer Frye and Officer Chrisman changed the proposed charge to resisting, although Mr. Wheatley had never resisted.

Mr. Wheatley was kept in segregation until after the holidays despite never receiving a conduct report. Mr. Wheatley filed a grievance, which was provided to an investigation and intelligence officer. Mr. Wheatley was told that any inappropriate behavior was being addressed, and they had nothing further to say on the matter.

Mr. Wheatley alleges that he suffered psychological injury from the humiliation and harassment.

...
...

## III. Discussion of Claims

Mr. Wheatley's Eighth Amendment claims against officers Chrisman, Frye, and Myers **shall proceed** as submitted.

Any claim for damages against the IDOC is **dismissed**, because damages against the IDOC would be barred by the Eleventh Amendment. A suit against a state agency is treated as a suit against the state itself for Eleventh Amendment purposes, and the Eleventh Amendment immunizes an unconsenting state from suits for damages in federal court. *Smith v. Utah Valley Univ.*, 619 Fed. Appx. 559, 560 (7th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)); *see Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done."). However, Mr. Wheatley's claim for injunctive relief against IDOC **shall proceed**.

This summary of claims includes all the viable claims identified by the Court. If Mr. Wheatley believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 19, 2020**, in which to identify those claims.

## IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Indiana Department of Corrections; (2) Correctional Officer Myers; (3) Correctional Officer Frye; and (4) Correctional Officer Chrisman in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 9/18/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROY EDWARD WHEATLEY, JR.
239494
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to Indiana Department of Correction

Electronic Service to Indiana Department of Correction Employees (Putnamville Correctional Facility):
    Officer Myers
    Officer Frye
    Officer Chrisman